# EXHIBIT 1

EXHIBIT 1

Electronically Filed
6/13/2018 4:17 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
ADAM W. WILLIAMS, ESQ.
Nevada Bar No. 13617
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Phone (702) 444-4444
Fax (702) 444-4455
E-Mail: adam.williams@richardharrislaw.com
*Attorneys for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIA RANGEL-HUERTA,<br><br>          Plaintiff,<br>vs.<br><br>HOME DEPOT U.S.A., INC., dba HOME DEPOT E LAS VEGAS #3303; DOES 1-20; ROE CORPORATIONS 1-20; inclusive,<br><br>          Defendants, | CASE NO.: A-18-776099-C<br>DEPT. NO.: Department 29 |

PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, MARIA RANGEL-HUERTA, by and through her Attorney, ADAM W. WILLIAMS, ESQ., of the RICHARD HARRIS LAW FIRM, and for her causes of action against Defendants, and each of them, allege as follows:

JURISDICTION AND PARTIES

1. At all times relevant to these proceedings, Plaintiff, MARIA RANGEL-HUERTA, (hereinafter referred to as "Plaintiff") is and was a resident of Las Vegas, Nevada.

2. That at all times relevant to these proceedings, Defendant, HOME DEPOT U.S.A., INC., dba HOME DEPOT E LAS VEGAS #3303, (hereinafter "HOME DEPOT") is, and at all

1

times mentioned herein, was a foreign corporation, licensed to do business in the County of Clark, State of Nevada, conducting significant business in and having significant contacts with the County of Clark, State of Nevada.

3. That the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants DOES and/or ROE CORPORATIONS 1 through 10 inclusive, are presently unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that the Defendants designated herein as DOE and/or ROE are legally responsible in some manner for the events and happenings herein referred to, and legally and proximately caused injuries and damages thereby to Plaintiff as herein alleged. Plaintiff requests leave of the Court to amend this Complaint to specify these Doe Defendants when their identities become known.

4. At all material times, Defendants, and each of them, were individuals and/or entities who were and are agents, masters, servants, employers, employees, joint ventures, representatives and/or associates, and with the consent, knowledge, authorization, ratification and permission of each other. At all times relevant hereto, Defendants, and each of them, engaged in concerted acts and/or were responsible for the acts and/or omissions of themselves and each other Defendant and held a special relations with Plaintiff and with the other defendants, non-delegable in nature, and subject to a peculiar and high risk of harm for breach thereof. Plaintiff alleges that at least one of the Doe Defendants is believed to be the employee responsible for the protocol, maintenance and cleaning, security, safety and/or supervision of the area at issue. Plaintiff requests leave of the Court to amend this Complaint to specify the Doe Defendants when their identities become known.

2

5. That the Defendants, and each of them, are the agents, employees and/or contractors of the other Defendants, and were acting within the scope of their agency, employment and/or contract at the time and place described herein.

6. Plaintiff is informed and believes, and based upon such information and belief, alleges, that Defendants, DOE and/ROE CORPORATIONS 1 through 10, and each of them, resided, were employed and/or did business in Clark County. Defendants designated as DOE and/or ROE CORPORATIONS 11 through 20, are in some manner, responsible for the occurrences and injuries sustained by Plaintiff, as alleged herein.

7. At all times mentioned Defendants, including Doe Defendants, were the designers, contractors, maintainers, owners, managers, inspectors, supervisors, cleaners and controllers of the premises and common areas generally known as "HOME DEPOT" located at 1401 South Lamb Blvd., Las Vegas, Nevada, 89104.

8. This Court has jurisdiction over the Defendants, as Defendants are Nevada residents, Nevada Corporations and/or foreign corporations conducting business in the state of Nevada. Furthermore this case involves damages in an amount in excess of $15,000.00. Venue is proper in Clark County, State of Nevada as said incident and conduct of the Defendants occurred with Clark County, State of Nevada.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about June 19, 2016, Plaintiff was a patron and/or invited guest at the premises owned, designed, operated, maintained, managed and/or controlled by the Defendants, and each of them, which are located at 1401 South Lamb Blvd., Las Vegas, Nevada, 89104.

10. That while on said premises, Plaintiff was shopping when suddenly and without warning a box from an upper shelf fell on her causing her to suffer serious injuries.

3

11. That upon information and belief, the falling box from an upper shelf was caused and/or created by the negligence of some or all of the named Defendants, including the DOE and ROE Defendants and/or the employee(s) and/or agent(s) of said Defendants.

12. That upon information and belief, some or all of the named Defendants, including the DOE and ROE Defendants and/or the employee(s) and/or agent(s) of said Defendants, knew or should have known the hazard and dangerous condition boxes on upper shelves posed and the great risk of harm if presented to unsuspecting guests like Plaintiff.

13. That Defendants', and DOE and ROE Defendants and/or employee(s) and/or agent(s) of said Defendants, failed to rectify the unsafe condition of the boxes causing the dangerous condition. These same Defendants also failed to warn Plaintiff of the dangerous condition prior to the box falling on the Plaintiff.

### FIRST CAUSE OF ACTION
(*Negligence against all Defendants*)

14. Plaintiff incorporates paragraphs 1-13 of the Complaint as if those paragraphs were fully incorporated herein.

15. At said time and place, Defendants, and each of them, negligently caused, permitted, managed and maintained, inspected, and supervised said boxes and shelves, rendering the premises to be in a dangerous, defective and hazardous condition in the area allowed for usage by patrons. There were no signs or warnings of the unsafe condition of the boxes and shelves where MARIA RANGEL-HUERTA was injured, indicating any hazardous condition.

16. As a result of the above described incident, Plaintiff suffered injuries to areas of her body, necessitating medical treatment for injuries, all of which conditions may be permanent

4

and disabling in nature, and all to her general damages to be shown at time of trial, but in excess of $15,000.00.

17. As a result of the above described incident, Plaintiff experienced physical and mental pain and suffering, both past and future, in an amount to be shown at time of trial, but in excess of $15,000.00.

18. Plaintiff suffered general damages, including pain, suffering, permanent disability, both past and future in an amount to be shown at time of trial, but in excess of $15,000.00.

19. That prior to the injuries sustained and complained of herein, Plaintiff was an able-bodied person physically capable of engaging in all other activities for which she was otherwise suited.

## SECOND CAUSE OF ACTION
*(Negligence- Unsafe Premises against Defendants)*

20. Plaintiff incorporates paragraphs 1-19 of the Complaint as if those paragraphs were fully incorporated herein.

21. At all times mentioned, the above named Defendants, were the builders, owners, managers, supervisors, maintainers, operators, and controllers of the premises, including the aisle and shelves located at 1401 South Lamb Blvd., Las Vegas, Nevada, 89104.

22. That on or about June 19, 2016, Defendants, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to properly maintain the property, together with failing to control, supervise, and monitor the premises and further failed to warn Plaintiff of safety hazards which resulted in her injuries.

5

23. That on or about June 19, 2016, Defendants, and each of them, knew or should have known that unreasonably dangerous conditions existed on the premises being used by Plaintiff, namely the location of the boxes and their positioning.

24. That due to these dangerous conditions, Plaintiff suffered injuries.

25. That the Defendants, each of them, had a duty to build keep and maintain their premises in a reasonably safe condition.

26. That the Defendants, and each of them, did not exercise reasonable care concerning the dangerous boxes on shelves.

27. That Defendants, and each of them, knew and/or should have known of hazardous conditions for guests/patrons utilizing the aisle where the shelves and boxes were located and failed to remedy said conditions.

28. That all Defendants, and each of them, herein breached their duty to Plaintiff to maintain a reasonably safe environment for its patrons, and acted in a negligent manner by failing to provide an adequately safe aisle where the shelves and boxes were located where patrons walked and/or shopped.

29. As a direct and proximate result, Defendants are responsible for the special and general damages as stated herein.

30. That Plaintiff has been forced to retain the service of an attorney to represent her in this action, and as such is entitled to reasonable attorney's fees and litigation costs.

### THIRD CAUSE OF ACTION
*(Vicarious Liability/Respondeat Superior Against all Defendants)*

31. Plaintiff incorporates paragraphs 1-30 of the Complaint as if those paragraphs were fully incorporated herein.

32. The named Doe Defendants were agents and/or employees of Defendants, and that at all times relevant herein were acting within the course and scope of such agency and/or employment and as such each said Defendant shall be liable to Plaintiff for Plaintiff's injuries.

33. HOME DEPOT, is responsible for the acts and/or omissions of its employees when the employee is acting in the course and scope of its employment.

34. As a direct and proximate result of said Defendants' acts and omissions as described herein, Plaintiff has suffered bodily injuries, special damages, general damages and emotional and physical pain in an amount in excess of $15,000.00.

### FOURTH CAUSE OF ACTION
*(Negligence Per Se)*

35. Plaintiff incorporates paragraphs 1-34 of the Complaint as if those paragraphs were fully incorporated herein.

36. At all times mentioned herein, there were in force statutes, ordinances, uniform building codes and regulations prohibiting the conduct exhibited by Defendants, including DOES 1 through 10 and/or ROE CORPORATIONS 11 through 20.

37. That Plaintiff was a member of the class of persons for whose protection said statutes, ordinances, uniform building codes and regulations were enacted or promulgated.

38. That Plaintiff's injuries were the type which said statutes, ordinances, uniform building codes and regulations were intended to prevent.

39. As a direct and proximate result of the Defendants, and each of their, violations of said statutes, ordinances, uniform building codes and regulations, Plaintiff sustained the damages alleged above in an amount in excess of $15,000.00.

40. That Plaintiff has been forced to retain the service of an attorney to represent him in this action, and as such, is entitled to reasonable attorney's fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damages not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. For general damages sustained by Plaintiff in an amount in excess of $15,000.00;
2. For special damages sustained to Plaintiff in an amount in excess of $15,000.00;
3. Reasonable attorney's fees and costs of suit;
4. Interest at the statutory rate; and,
5. For such other relief as this Court deems just and proper.

DATED THIS 13 day of June, 2018.

RICHARD HARRIS LAW FIRM

ADAM W. WILLIAMS, ESQ.
Nevada Bar No. 13617
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*